**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**OPHELIA TORNES**                                                                   **PLAINTIFF**

**V.**                                  **CAUSE NO. 3:19-CV-272-CWR-FKB**

**DOLLAR GENERAL CORPORATION,** *et al.*                        **DEFENDANTS**

**ORDER**

Before the Court is the defendants' motion for summary judgment. For the reasons discussed below, the motion is granted.

**I.     Factual and Procedural History**

On December 30, 2016, Plaintiff Ophelia Tornes visited a Dollar General store in Jackson, Mississippi. Employee Ashley Helom was working at the cash register. Helom was using her cellphone while on the job. Once Tornes came to Helom's register, an argument between the two ensued. Video surveillance shows that Helom picked up a white object, slammed it into Tornes' face, pulled Tornes' hair, repeatedly punched Tornes, and continued yelling at Tornes even after the fight ended.

On September 25, 2018, Tornes filed this suit in the County Court of Hinds County, Mississippi, against Helom and Dollar General's parent company, Dolgencorp. Dolgencorp then removed this case to federal court. Helom was never served with process, so the case proceeded against Dolgencorp only.

Dollar General policies and procedures prohibit yelling, fighting with customers, throwing objects, and aggressive physical contact. In fact, they require employees to treat customers with dignity, respect and courtesy at all times. They also prohibit an employee from using a cellphone

while working. Both parties acknowledge that Helom failed to abide by these policies. *Compare* Docket No. 17 at 1 *with* Docket No. 22 at 2.

Tornes nevertheless argues that Dolgencorp is vicariously liable for Helom's actions. Her complaint also alleges that Dolgencorp was itself negligent by:

   a. Failing to properly train employees;
   b. Hiring employees with violent tendencies which create an unreasonable risk of harm to customers;
   c. Failing to implement proper policies and procedures for the safety of business invitees such as Plaintiff;
   d. Allowing Defendant's agents or employees to verbally and physically assault business invitees such as Plaintiff;
   e. Failure to have security available to protect business invitees from being physically assaulted while on the premises such as the Plaintiff;
   f. Failing to maintain the Premises in a reasonably safe condition;
   g. Defendant was negligent in failing to control, supervise, and maintain safety for Plaintiff as a business invitee of Defendant's Premises.

Docket 1-1 at 3.

## II. Legal Standards

### A. Federal Procedural Law

Summary judgment is appropriate when the movant can show that there is "no genuine dispute as to any material fact," and consequently, the movant is entitled to a grant of judgment as a matter of law. Fed. R. Civ. P. 56(a). If a nonmovant wishes to avoid summary judgment, they must identify admissible evidence in the record indicating a disputed material fact. *Id*. at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

### B.     State Substantive Law

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

"If no such holdings exist, [the Court] predicts how that tribunal would rule." *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998). The prediction is based on:

> (1) decisions of the Mississippi Supreme Court in analogous cases, (2) the rationales and analyses underlying Mississippi Supreme Court decisions on related issues, (3) dicta by the Mississippi Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which Mississippi courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries.

*Id.*

"Absent evidence to the contrary, [the federal court] presumes that the Mississippi courts would adopt the prevailing rule if called upon to do so." *Id.* The Court is "emphatically not permitted to do merely what [it] think[s] best; [the court] must do that which [it] think[s] the Mississippi Supreme Court would deem best." *Id.*

3

**III.    Discussion**

    **A.    Vicarious Liability**

"An employer is liable for the torts of his employee only when they are committed within the scope of employment." *Adams v. Cinemark USA, Inc.*, 831 So. 2d 1156, 1159 (Miss. 2002) (en banc) (citation omitted), *abrogated on other grounds by* Miss. R. Civ. P. 78. For an act to fall within the scope of employment, it "must have been committed in the course of and as a means to accomplishing the purposes of the employment and therefore in furtherance of the master's business." *Id.* (citations omitted). "[A] master will not be held liable if the employee had abandoned his employment and was about some purpose of his own not incidental to the employment." *Id.* (quotation marks and citations omitted).

A tortious act incidental to authorized conduct is within the course and scope of employment. *Id.* (citation omitted). "That an employee's acts are unauthorized does not necessarily place them outside the scope of employment if they are of the same general nature as the conduct authorized or incidental to that conduct." *Id.* (citation omitted).

In *Adams*, the Mississippi Supreme Court said it was "obvious that [a movie theater employee's assault on] Adams was not authorized or in furtherance of Cinemark's business." *Id.* The same applies here. At the time of the incident, Helom was a cashier at Dollar General. Her responsibilities included selling goods to customers and handling the exchange of money. Throwing a stapler at a customer does not have any relation to the purpose of Helom's employment as a cashier for Dollar General. Therefore, this Court must determine whether Helom's conduct was "incidental" to her employment.

The Mississippi Supreme Court has found intentional tortious conduct incidental to the course of employment in several cases. In *Horton v. Jones*, for example, the court imputed a cab

4

driver's liability to the cab company, when the employee drove off hastily to get another fare—making money for his employer—even though the cab still contained the plaintiff's possessions. 44 So. 2d 397 (Miss. 1950). In *Interstate Co. v. McDaniel*, the court imputed a snack vendor's liability to the snack company when the vendor assaulted a man suspected of stealing snacks because the vendor was "required to protect [the inventory] within reasonable bounds from depredations." 173 So. 165, 166 (Miss. 1937). And in *Alden Mills v. Pendergraft*, the court imputed liability to the employer when an employee foreman assaulted a laborer in order to prevent laborers from demanding higher wages – an act in furtherance of the employer's goal of realizing profit. 115 So. 713 (Miss. 1928).

This case is different. Helom's assault of Tornes had no relation to increasing Dolgencorp's profit, protecting the store's products or premises, or furthering any business interest. Without evidence pointing to the contrary, shouting at a customer and physical violence typically fall outside the scope of selling products and handling money. Thus, Helom's actions were not incidental to the course of employment, and Dolgencorp is not vicariously liable for them.

### B.     Negligent Hiring, Training, and Supervision[1]

In Mississippi, an employer can be held independently liable for an employee's harm to a third party under claims of negligent hiring or retention, negligent training, negligent supervision, and negligent entrustment. For each claim, the plaintiff must prove that the defendant had actual or constructive knowledge of the employee's unfitness or otherwise dangerous tendencies. *See*

---

[1] Because Dolgencorp denies that Helom was acting within the course and scope of his employment, we must address these claims. Otherwise, where an employer concedes liability under vicarious liability and respondeat superior, the Mississippi Court of Appeals and our district courts have concluded that a defendant is entitled to dismissal of, or summary judgment on, negligence claims based on negligent entrustment, negligent hiring, failure to train, negligent supervision and negligent retention. *See, e.g., Carothers v. City of Water Valley*, 242 So. 3d 138, 144–45 (Miss. App. 2017), *cert. denied*, 246 So. 3d 67 (Miss. 2018) (citing *Davis v. ROCOR Int'l*, 3:00-CV-864, 2001 U.S. Dist. LEXIS 26216, at *17–25 (S.D. Miss. Dec. 19, 2001)); *Gaddis v. Hegler*, No. 3:10-CV-249-CWR-LRA, 2011 WL 2111801, at *3 (S.D. Miss. May 26, 2011); *Welch v, Loftus*, 776 F. Supp. 2d 222 (S.D. Miss. 2011).

*Doe ex rel. Brown v. Pontotoc Cty. Sch. Dist.*, 957 So. 2d 410, 417 (Miss. Ct. App. 2007) (discussing elements of negligent hiring or retention); *Holmes v. Campbell Properties, Inc.*, 47 So. 3d 721, 729 (Miss. Ct. App. 2010) (negligent training or supervision); *Kitchens v. Dirtworks, Inc.*, 50 So. 3d 388, 392 (Miss. Ct. App. 2010) (negligent entrustment).

> "'Actual notice' is defined as notice expressly and actually given while 'constructive notice' is defined as information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it."

*Parmenter v. J & B Enterprises, Inc.*, 99 So. 3d 207, 217 (Miss. Ct. App. 2012) (citation omitted).

As a condition of employment, official Dollar General policies require a criminal background check for all potential employees. The summary judgment record shows that Dollar General conducted a criminal background check of Helom, and it did not reveal an indication of a propensity for violence or any prior history of violence. A subsequent background search of statewide criminal records, conducted after this litigation commenced, confirmed that Helom did not have any prior criminal history. Dollar General has no records of customer complaints made against Helom prior to her fight with Tornes. As such, there is no evidence that Dolgencorp had actual or constructive knowledge that Helom would get into a shouting match and violent altercation with a customer. There is no genuine dispute of any material fact. Tornes' claims of negligent hiring, training, and supervision therefore fail as a matter of law.

### C. Premises Liability

An invitee is a visitor "who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage." *Olier v. Bailey*, 164 So. 3d 982, 986 (Miss. 2015) (citation omitted). A premises owner "owes an invitee a duty to exercise reasonable care to protect an invitee from reasonably foreseeable injury at the hands of another."

*Magnusen v. Pine Belt Inv. Corp.*, 963 So. 2d 1279, 1282 (Miss. Ct. App. 2007) (citing *W.B. Crain v. Cleveland Lodge 1532, Order of the Moose, Inc.*, 641 So. 2d 1186, 1189 (Miss. 1994)).

"An act may be considered reasonably foreseeable if the premises owner had cause to anticipate the third party act." *Id.* (citing *W.B. Crain*, 641 So. 2d at 1189). Cause to anticipate a third party act can arise from "(1) actual or constructive knowledge of the third party's violent nature, or (2) actual or constructive knowledge that an atmosphere of violence existed on the premises." *Id.* (citation omitted).

Because Tornes was a customer at Dollar General, she is classified as a business invitee. Dollar General owes invitees reasonable care to protect against reasonably foreseeable injury. As discussed above, Dollar General had neither actual nor constructive knowledge of potential violence from Helom, nor has Tornes produced any evidence that an an atmosphere of violence existed on the premises prior to this incident.[2] Therefore, Tornes' on-site injuries were not reasonably foreseeable.

### IV. Conclusion

The motion for summary judgment is granted. A separate final judgment shall issue this day.

**SO ORDERED**, this the 26th day of May, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[2] Tornes argues that the "shouting match should have provided management with actual or constructive knowledge that an atmosphere of violence existed on the premises." Docket No. 22 at 7. This argument is unpersuasive because the shouting, arguing, and physical altercation between Helom and Tornes were all a part of the same incident.